IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA DENISE JESSIE, § | | |
| Plaintiff, § | | |
| v. § | | No. 3:18-CV-3290-M (BT) |
| § | | |
| BENGANG BENJAMIN FANG, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Andrea Jessie, proceeding *pro se* and *in forma pauperis*, filed this civil action asserting claims under 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, and the Texas Property Code. Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e), and the Court has withheld process pending completion of this screening. Now, for the following reasons, the Court recommends that Plaintiff's complaint be dismissed.

I.

In her complaint, Plaintiff alleges that in 2018 she rented a house in Lancaster, Texas, from Defendant Bengang Fang through the Dallas Housing Authority and the federal Section 8 housing program. She claims Defendant failed to make a diligent effort to make necessary repairs to the house, including electrical, plumbing, and air-conditioning repairs. She seeks $10 million for mental, physical, and emotional damages.

1

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

1.  **Federal Claims**

Plaintiff asserts this court has jurisdiction under 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1343 provides federal jurisdiction for cases alleging civil rights violations.

To state a claim for a violation of her civil rights under 42 U.S.C. § 1983, however, Plaintiff must prove two elements: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) the deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). In rare cases, the state can so dominate private activity "as to convert it to state action." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009).

Here, Plaintiff has alleged no facts showing that Defendant is a state actor. The mere fact that Defendant accepted federal housing assistance vouchers under Section 8 does not make him a state actor. *See Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242 (5th Cir. 1982) (determining plaintiffs could not pursue HUD claims under § 1983 against private apartment complex because the apartment complex was not a state actor); *see also, Williams v. Candletree Apartments,* 2014 WL 3964715, at *2 (N.D. Tex. Aug.13, 2014) (summarily dismissing § 1983 claims against two apartment buildings that refused plaintiff's public housing voucher because neither defendant is a state actor). Therefore, Plaintiff's civil rights claims should be dismissed.

3

To the extent Plaintiff intends to pursue a claim under §§ 451, 1337, or 1345, these statutes do not provide a basis for relief. Section 451 lists definitions applicable to courts and judges, such as judicial oaths of office, judicial travel expenses, and judicial disqualification; section 1337 addresses federal court jurisdiction over laws protecting trade and commerce; and, section 1345 states that the district courts shall have original jurisdiction of suits filed by the United States. Because these statutes plainly do not apply to Plaintiff's case, her claims under these statutes should be dismissed.

### 2. Texas Property Code

Plaintiff also contends that Defendant's actions violated the Texas Property Code. Although the Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367, this claim should be dismissed without prejudice to Plaintiff raising the claim in state court. This recommendation is in accord with "[t]he general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petrol. Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). Further, when the federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs v.*

4

*Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie–Mellon*, 484 U.S. 343, 351 (1988)).

IV.

Plaintiff's federal claims should be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2), and her remaining state law claims should be dismissed without prejudice.

Signed February 4, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).